```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

IN RE: MIRKO FERNANDEZ            :
_____
                                  :
MIRKO FERNANDEZ
        Appellant                 :

   v.                             :   Civil Action No. DKC 14-1785

                                  :
SANDY Y. CHANG
        Appellee                  :

**MEMORANDUM OPINION**

Pending before the court is an appeal by Appellant Mirko Fernandez from an order entered by United States Bankruptcy Judge Paul Mannes on April 2, 2014 denying additional attorney's fees on Appellant's motion for sanctions for violation of the automatic stay and awarding only a portion of the fee requested for a deposition.  Because the facts and legal arguments are adequately presented in the briefs and record, oral argument is deemed unnecessary.  *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the rulings of the bankruptcy court will be affirmed.

**I. Background**

Appellee Sandy Chang was Fernandez's former bankruptcy counsel.  Fernandez accused Chang of attorney negligence in prosecuting his bankruptcy and requested return of the fees he paid her.  On May 13, 2013, following a hearing, Judge Mannes

found that Chang committed willful violations of 11 U.S.C. § 362(a)(6), which stays any act to collect, assess, or recover a claim against a debtor that arose before commencement of the bankruptcy case.  Furthermore, Chang failed to file any motion to avoid the judicial liens that existed on Fernandez's real property.  Judge Mannes found that the $2,525.00 in compensation paid by Fernandez to Chang exceeded the reasonable value of Chang's service and found that Fernandez was entitled to a refund of $2,350.00 pursuant to 11 U.S.C. § 329.  The order permitted Fernandez to pursue other claims against Chang for violations of the automatic stay.  The order was silent on the matter of attorney's fees and costs incurred in the prosecution of this disgorgement motion.  (ECF No. 4-4).

On June 25, 2013, Fernandez moved for sanctions for violations of the automatic stay, including actual damages, punitive damages of $25,000, all reasonable legal fees and expenses, and any other further relief.  (ECF No. 4-5).  On January 6, 2014, Judge Mannes granted the motion.  In the memorandum of decision and order, he wrote:

> The court is faced with the issue of sanctions to be imposed.  To be fair to all of her [Chang's] Chapter 7 debtor clients, one would have to conduct a class action.  The fee received by her from Debtor [Fernandez] for the most part has been disgorged.  While Debtor pleaded that he suffered emotional distress as a result of

2

> Ms. Chang's misconduct, there was nothing presented in support of that claim. In allowing punitive damages, the court must temper its ruling by the fact that many other debtors are similarly situated and that Ms. Chang is suspended from the practice of law, and restoration of her right to practice is not automatic.
>
> The court will allow compensatory damages of $3,500.00 and punitive damages of $1,750.00.

(ECF No. 4-6, at 3). The order did not explicitly state that the $3,500 included attorney's fees.

On January 27, 2014, Fernandez moved for attorney's fees of $7,525.00 pursuant to 11 U.S.C. § 362(k)(1) and Local Bankruptcy Rule 7054-2 in connection with his motion for sanctions in violation of the automatic stay. Chang opposed the motion, arguing that Judge Mannes appeared already to award attorney's fees in the $3,500 figure as there were no other apparent damages considering Fernandez's attorney's fees had been disgorged and there was no evidence of the claimed emotional distress. (ECF No. 4-10). A hearing was held on March 20, 2014, and Judge Mannes denied Fernandez's motion on April 2. First referring back to his original sanctions decision, he wrote that

> [b]ased on the evidence before it and the paucity of a showing of any special damages, the court allowed compensatory damages of $3,500.00 and punitive damages of $1,750.00. This award seemed proportional to the

3

> minimal damages incurred. The subject Motion and Bill of Costs followed.
>
> The court finds it is inappropriate to allow additional fees for these filings and, therefore, the Motion for Attorney Fees is denied.

(ECF No. 4-15, at 2).

Also adjudicated in this decision was Fernandez's Bill of Costs. Of relevance to this case, he sought $480.87 for a deposition transcript. In his cost detail, Fernandez represented that Chang was deposed in connection with two cases: Fernandez and Labrador. Fernandez requested that one-half of the deposition transcript's cost ($480.87) be taxed for this case. (ECF No. 4-7). Chang opposed this amount, stating that the transcript illustrates that the portion pertaining to the Fernandez case only consumed twenty-five (25) of the transcript's 239 pages, much less than one-half. At $3.55 per page, Fernandez should be awarded $88.75. (ECF No. 4-9). Judge Mannes did not award Fernandez all the money sought: "[i]t is true that of the 241 pages of testimony, the questioning as to the Debtor began on page 216. However, in reviewing the deposition much of the first part was helpful to the Debtor and enabled the second part to move swiftly. The court will allow as costs $160.29 or one-third of the total." (ECF No. 4-15, at 2).

4

On April 16, 2014, Fernandez filed an appeal of this order and filed his brief on June 19. (ECF No. 4). Chang filed an opposition on July 10 (ECF No. 5), to which Fernandez replied on July 24 (ECF No. 6).

**II. Standard of Review**

When reviewing a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo* and findings of fact are reviewed for clear error. *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). "A court's calculation of damages is a finding of fact and therefore is reviewable only for clear error, but to the extent those calculations were influenced by legal error, review is *de novo*." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 427 (4th Cir. 2010). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

**III. Analysis**

11 U.S.C. § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by this section

shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Fernandez contends that the language is clear: "shall recover" means that where there is a willful violation that results in injury, the injured individual is entitled to actual damages, including attorney's fees. He cites numerous cases from around the country in support. In her opposition, Chang does not take issue with this principle, but contends that attorney's fees were in fact awarded by Judge Mannes as part of the $3,500 compensatory damage award. She comes to this position by a process of elimination. If, as Judge Mannes found, the fees paid to Chang had already been disgorged, and there was no evidence of emotional damages, the $3,500 figure had to represent attorney's fees because there were no other evident damages. Not surprisingly, Fernandez views the matter differently, contending that Judge Mannes improperly did not include attorney's fees in the $3,500 figure and then failed to rectify his error by denying Fernandez's subsequent motion seeking attorney's fees.

There is much support for Chang's interpretation of the proceedings. The most sensible reading of the phrase "compensatory damages of $3,500," is that it includes attorney's fees given the lack of any other damages suffered. This view is

6

bolstered by Judge Mannes's subsequent opinion, where he wrote that the $3,500 amount "seemed proportional to the minimal damages incurred." Judge Mannes also wrote, in regard to the later motion, that "[t]he court finds it is inappropriate to allow *additional* fees for these filings." (Emphasis added). The best reading of this language is that Judge Mannes had already awarded attorney's fees as part of the $3,500. While we typically separate the concepts of compensatory damages from attorney's fees, the latter falls within the scope of the former, as Fernandez is damaged by the amount he had to pay his counsel to prosecute Chang's willful violation of the automatic stay. Consequently, the appropriate review is whether Judge Mannes's damage calculation is clearly erroneous. Given that Fernandez merely asked for "all reasonable legal fees and expenses in an amount to be determined by the Court," and provided no supporting documentation, Judge Mannes's damages award was not clearly erroneous.

Finally, Fernandez contends that Judge Mannes erred in awarding just $160.29 as reimbursement toward the cost of the deposition transcript. He argues that when Judge Mannes wrote that he was awarding "one-third of the total," he meant the total amount invoiced for the combined deposition, $961.74. But in making his one-third calculation, he used Fernandez's

7

original request of $480.87, failing to note that Fernandez had only applied for one-half of the total cost. Consequently, he erroneously applied his one-third award to fifty percent of the total, instead of the entire amount, resulting in a clear error in the amount of $160.29. Chang argues that a reasonable interpretation of the word "total" in this context could refer to the total sought by Fernandez and, additionally, $160.29 is a reasonable reimbursement for a deposition of which only twenty-five pages of 241 were dedicated to this case.

Once again, Chang's arguments are supported by the record. The phrase "one-third of the total" can be reasonably interpreted to mean one-third of the amount sought by Fernandez. And, in any event, if Judge Mannes made no attempt to justify his award in terms of fractions and merely awarded $160.29, that would not be clearly erroneous given the amount of the deposition dedicated to this case.

## IV. Conclusion

For the foregoing reasons, the bankruptcy court's order against Appellant will be affirmed. A separate order will follow.

                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge